## IN THE UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| **ERIC SMITH** | CIVIL ACTION |
| 14 Marlowe Road | |
| Valley Stream, NY 11580 | |
| *Plaintiff* | |
| | |
| vs. | NO. |
| | |
| **AARON KANE** | |
| 31 Essex Street | |
| Middleton, NJ 07749 | |
| and | |
| **BRIAN KANE** | |
| 617 Broadway Blvd. | JURY TRIAL DEMANDED |
| Toms River, NJ 08757 | |
| *Defendants* | |

## CIVIL ACTION COMPLAINT

Plaintiff, Eric Smith, by his attorneys, Wapner, Newman, Wigrizer, Brecher & Miller, hereby demand damages of defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and damages for prejudgment delay, upon causes of action upon which the following are statements:

## COUNT I

### (FACTS COMMON TO ALL COUNTS)
### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Eric Smith, is a citizen and resident of the State of New York, residing therein at 14 Marlowe Road, Valley Stream, NY 11580.

2.    Defendant, Aaron Kane, is a citizen and resident of the State of New Jersey, residing therein at 31 Essex Street, Middleton, NJ 07749.

3.    Defendant, Brian Kane, is a citizen and resident of the State of New Jersey, residing therein at 617 Broadway Blvd, Toms River, NJ 08757.

4.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendants.

5.     Venue in this Court is proper under 28 U.S.C. §1391 because the defendants reside within this district and the incident involved herein occurred within this district.

## FACTUAL BACKROUND

6.     On or about September 16, 2017 at or about 3:00 p.m., plaintiff, Eric Smith, was the operator of a motor vehicle on or near State Highway 70 at or near Green Acres Road in Manchester Township, New Jersey.

7.     On or about September 16, 2017 at or about 3:00 p.m., defendant, Aaron Kane, was the operator of a motor vehicle owned by Defendant, Brian Kane, on or near State Highway 70 at or near Green Acres Road in Manchester Township, New Jersey.

8.     At all times material hereto, defendant, Brian Kane, was acting individually and by and through his agents, servants and/or employees who were acting then and there in the course and scope of said employment/agency with defendant under defendant's control and/or right of control.

9.     At all times material hereto, defendant, Aaron Kane, was the agent, servant and/or employee of defendant, Brian Kane, acting then and there in the course and scope of said employment/agency under defendant's control and/or right of control.

10.     At the time and place as aforementioned, defendant, Aaron Kane, carelessly and negligently operated said motor vehicle so as to cause a collision with the motor vehicle operated by plaintiff, Eric Smith, as a result of which plaintiff sustained serious, painful and permanent, personal injuries, more particularly hereinafter described.

11.    The accident aforementioned was caused by the negligence of the defendants, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

12.    The negligence of the defendant, Aaron Kane, his agents, servants and/or employees consisted of the following:

   a.  Failing to have said motor vehicle under adequate and proper control;

   b.  Operating said motor vehicle at a high and excessive rate of speed under the circumstances;

   c.  Failing to use due caution in driving said motor vehicle upon the highway;

   d.  Failing to take due note of the point and position of the motor vehicle operated by plaintiff;

   e.  Failing to maintain an assured clear distance with the motor vehicle operated by plaintiff;

   f.  Failing to yield the right-of-way;

   g.  Failing to warn plaintiff;

   h.  Failing to stop said motor vehicle;

   i.  Failing to maintain a proper lookout;

   j.  Disregarding applicable traffic controls and/or signals;

   k.  Striking the motor vehicle operated by plaintiff;

   l.  Operating said motor vehicle when contra-indicated by lack of sleep and/or other physical conditions;

   m.  Failing to inspect said motor vehicle;

   n.  Failing to properly inspect said motor vehicle;

   o.  Failing to repair said motor vehicle;

   p.  Violating the statutes and ordinances of the State of New Jersey, and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances;

   q.  Causing injuries to plaintiff;

   r.  Failing to prevent injuries to plaintiff.

13.    The negligence of the defendant, Brian Kane, his agents, servants and/or employees consisted of the following:

    a.   Vicarious liability for the actions and/or inactions of defendant, Aaron Kane;

    b.   failing to have said motor vehicle under adequate and proper control;

    c.   operating said motor vehicle at a high and excessive rate of speed under the circumstances;

    d.   failing to use due caution driving said motor vehicle upon the highway;

    e.   failing to take due note of the point and position of the motor vehicle operated by plaintiff;

    f.   failing to maintain an assured clear distance with other motor vehicles;

    g.   failing to yield the right-of-way;

    h.   failing to warn plaintiff;

    i.   failing to stop said motor vehicle;

    j.   failing to maintain a proper lookout;

    k.   disregarding the designated lanes of travel on the roadway;

    l.   disregarding applicable traffic controls and/or signals;

    m.   violating the statutes and ordinances of the Commonwealth of Pennsylvania, and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances;

    n.   striking the motor vehicle operated by plaintiff;

    o.   operating said motor vehicle when contra-indicated by lack of sleep and/or other physical conditions;

    p.   causing injuries to plaintiff;

    q.   operating said motor vehicle in a careless manner;

    r.   operating said motor vehicle in an inattentive manner;

    s.   Failing to properly qualify defendant, Aaron Kane, to operate said motor vehicle;

    t.    Negligently entrusting the operation of said motor vehicle to defendant, Aaron Kane;

    u.    Failing to train defendant, Aaron Kane, to operate to motor vehicle;

    v.    Failing to supervise defendant, Aaron Kane., to operate to motor vehicle;

    w.    Failing to properly select defendant, Aaron Kane, to operate to motor vehicle;

    x.    Failing to maintain and/or inspect said motor vehicle;

    y.    Failing to repair said motor vehicle.

## COUNT II
## PLAINTIFF V. DEFENDANTS

14.    Plaintiff incorporates by reference the preceding paragraphs as if set forth at length herein.

15.    As a result of the accident aforementioned, plaintiff, Eric Smith, sustained multiple injuries, including, but not limited to, closed head injury, headaches, concussion, cervical disc herniations, cervical radiculopathy, cervical strain and sprain, lumbar disc herniations, lumbar radiculopathy, labrum tear of the left shoulder, lumbar strain and sprain, right knee injuries, as well as other injuries to his head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

16.    As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

17.    As a further result of defendants' negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

18.    As a further result of the defendants' negligence, plaintiff has suffered an injury which may be permanent, irreparable and severe.

19.    As a further result of the defendants' negligence, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future, which such loss of income and/or impairment of earning capacity.

20.    As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have  performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

21.    As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which defendants are liable.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.  A jury trial is demanded.

WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____
       **ROBERT S. MILLER, ESQUIRE**
       8000 Sagemore Drive, Suite 8302
       Marlton, NJ  08053
       (856-983-9800)
       Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R4:25-4, Robert S. Miller, Esquire is designated Trial Counsel on behalf of Plaintiff.

WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____

**ROBERT S. MILLER, ESQUIRE**
8000 Sagemore Drive, Suite 8302
Marlton, NJ  08053
(856-983-9800)
Attorney for Plaintiff

## CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that the above action is not the subject of any other lawsuit or arbitration proceeding, and that there are no other persons interested in the above action who have not been made a party to said action.

WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____

**ROBERT S. MILLER, ESQUIRE**
8000 Sagemore Drive, Suite 8302
Marlton, NJ  08053
(856-983-9800)
Attorney for Plaintiff

## JURY DEMAND

Pursuant to R1:8-2(b), Plaintiff hereby demands a Trial by Jury on all of the issues raised within the Pleadings.

WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____

ROBERT S. MILLER, ESQUIRE
8000 Sagemore Drive, Suite 8302
Marlton, NJ  08053
(856-983-9800)